UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN SOLIS | No. 23 CR 363<br><br>Judge Jorge L. Alonso |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided certain discovery to defendant. Certain material still to be disclosed by the United States contain particularly sensitive information, the unrestricted dissemination of which could adversely affect the privacy and safety interest of third parties. This information includes materials involving or potentially identifying any confidential source that cooperated with law enforcement or the government during the course of its investigation (the "Attorney's-Eyes-Only Materials"). The Attorney's-Eyes-Only Materials shall be plainly marked by the government prior to disclosure.

2. Neither the Attorney's-Eyes-Only Materials nor the information contained therein may be disclosed to any persons other than counsel for defendant (defined as counsel of record in this case) or investigators employed by defendant's counsel to assist the defense ("authorized persons") without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Attorney's-

Eyes-Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

3. Defendant's counsel and authorized persons shall not copy or reproduce the Attorney's-Eyes-Only Materials except for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant's counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorney's-Eyes-Only Materials, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing the Attorney's-Eyes-Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of the case and shall provide copies of the signed statement of all authorized persons to the government upon request.

6. Upon conclusion of all stages of this case, all of the Attorney's-Eyes-Only Materials and all copies made thereof shall be disposed of in one of three ways, unless

otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Attorney's-Eyes-Only materials. In the event that the Attorney's-Eyes-Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Attorney's-Eyes-Only materials are so maintained, and the Attorney's-Eyes-Only materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is or has been produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified

sensitive information as described above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

      9.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

      ENTER:

_____
JORGE L. ALONSO
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date:   February 22, 2024

4